# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DORANCE GILBERT PAYNE** | **CIVIL ACTION NO. 05-1014** |
| | **SECTION P** |
| **VERSUS** | **JUDGE JAMES** |
| **CALDWELL CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff, Dorance Gilbert Payne, has failed to comply with the order of this court to properly amend his complaint. On October 14, 2005, the undersigned issued a Memorandum Order which directed plaintiff to provide additional information concerning the merits of his claim of deliberate indifference. Plaintiff was also directed to establish exhaustion of administrative remedies as required by 42 U.S.C. §1997e(a).

On October 26, 2005, plaintiff filed a partial Response [Doc. 15]; thereafter, on November 9, 2005, plaintiff requested an extension of time so that he might comply fully with the Memorandum Order. [Doc. 16] Plaintiff's Motion was granted and plaintiff was given until December 14, 2005, to amend his complaint to provide the information required by the court.

Since more than thirty days had passed since that deadline, and since plaintiff failed to provide the requested information, he was notified on February 7, 2006, that his complaint would be dismissed unless he complied with the Memorandum Order within fifteen days. [Doc. 17] This notice of intent was returned by the United States Postal Service marked "undeliverable."

1

Plaintiff is apparently no longer incarcerated at the Pine Prairie Correctional Center and he has not provided the court with his new address as required by Local Rule 41.3.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore, **IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 21st day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE